# MILLER LAW
*Legal Consulting and Representation*

www.millerlaw.nyc

Meredith R. Miller, Esq.

Miller Law, PLLC
167 Madison Avenue, Suite 503
New York, NY 10016

Tel: (347) 878-2587
Fax: (866) 495-6719
meredith@millerlaw.nyc

**MEMO ENDORSED**

February 26, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/26/2020__

<u>Via ECF</u>

The Honorable Valerie E. Caproni
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>*De La Rosa v. Chestnut Holdings of New York Inc., et al.*
Docket No. 19-cv-00286 (VEC)</u>

Dear Judge Caproni:

With the Rapaport Law Firm, we are co-counsel to plaintiff Zenon De La Rosa ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Chestnut Holdings of New York Inc., 1288 LLC and Jonathan Wiener (collectively, "Defendants") to request that the Court approve the revised Settlement Agreement (the "Agreement"), which is Exhibit 1 hereto.

We are confident that the revision to the release (paragraph 3(a) of the Agreement) narrows is its scope to address the concern raised in the Court's order dated February 19, 2020 (dkt. #49). Therefore, the parties respectfully request that the revised Agreement be approved by the Court.

Respectfully yours,

*/s/ Meredith R. Miller*

Meredith R. Miller

Encls. (Exhibit 1 – Revised Settlement Agreement)
cc: N. Ari Weisbrot, Esq. (via ECF only)

The revised Settlement Agreement is APPROVED as fair and reasonable. The Clerk of Court is directed to terminate all open motions and close this case.

SO ORDERED.

*/s/ Valerie Caproni*  2/26/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZENON DE LA ROSA,

                            Plaintiff,

-against-

CHESTNUT HOLDINGS OF NEW YORK INC., 1288
LLC, JONATHAN WIENER, and all related entities.

                            Defendants.
-----------------------------------------------------------------X

Docket No. 19-CV-00286

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among ZENON DE LA ROSA ("Plaintiff"), on the one hand, and CHESTNUT HOLDINGS OF NEW YORK INC., 1288 LLC and JONATHAN WIENER (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 19-CV-00286 (hereinafter "the Litigation"), by Plaintiff, alleging, among other things, violations by Defendants of federal (FLSA) and state (NYLL) wage and hour laws; and

      WHEREAS, Plaintiff and Defendants (collectively, the "Parties") desire to resolve all disputes arising out of or attributable to the claims alleged in the Litigation, including claims relating to employment compensation; and

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Litigation, or otherwise relating to the Litigation, and in any other proceeding commenced by, on behalf of, or involving Plaintiff, and in any other document or statement whatsoever; and

      WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, municipal, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of other wrongdoing; and

*DLR*



WHEREAS, the parties shall submit this Agreement for Court approval;

NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG THE PARTIES that:

1. **Payment.**

    (a) Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete and final settlement and final satisfaction of any and all claims that Plaintiff asserted in the Litigation against Defendants, including all counsel fees and costs incurred by Plaintiff, the sum of Thirty Six Thousand Five Hundred Dollars ($36,500.00) (the "Settlement Amount") as follows:

    i) A check in the sum of $12,316.09, payable to the order of ZENON DE LA ROSA, from which estimated deductions will be made for taxes and other withholdings, in amounts based upon Plaintiff's most prior paystubs, and for which a W-2 tax form shall be issued to him in 2020;

    ii) A check in the net sum of $12,416.09 payable to ZENON DE LA ROSA, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 shall be provided to him; and

    iii) A check in the sum of $6,399.58 payable to RAPAPORT LAW FIRM, PLLC, for which an IRS Form 1099 may issue to Rapaport Law Firm, PLLC; and

    iv) A check in the sum of $5,368.24 payable to MILLER LAW, PLLC, for which an IRS Form 1099 may issue to Miller Law, PLLC, in 2020.

    (b) The payments set forth above in Paragraph 1(a) shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119, within ten (10) days of the Court's approval of the proposed settlement.

    (c) In the event that Defendants fail to remit the full Settlement Amount of $36,500.00 within the time period set forth in subparagraph 1(b) above: (i) Plaintiff may issue a notice of default to Defendants' counsel via overnight mail; (ii) if Defendants do not cure and pay all amounts due and owing within fourteen (14) days of issuance of the notice of default, the amounts due and owing will increase by 10%, including but not limited to those for attorneys' fees and costs, and (iii) if Defendants fail to deliver the full settlement amount so that it is received, in hand, at Rapaport Law Firm, PLLC within fourteen (14) days after issuance of the notice of default, Plaintiff shall be entitled to enter judgment in the sum outstanding against Defendants, for which Defendants shall be jointly and severally responsible. The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of the foregoing judgment in the event of a default in payment by Defendants.

2



2.  **Plaintiff's Commitments.**

    (a)  Plaintiff shall submit all documents reasonably necessary to obtain dismissal of this action with prejudice as against Defendants; however, the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of the Defendants' failure to comply with Defendants' payment obligations set forth in Paragraph 1 of this Agreement.

    (b)  Provided that this Agreement is approved by the Court, except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim related to wages or employment compensation, whether in an individual, class or other action, before any administrative agency, court, or other forum.

3.  **Releases by the Plaintiff and Defendants.**

    (a)  Provided that this Agreement is approved by the Court, Plaintiff, on the one hand, and Defendants, on the other hand, in consideration of good and valuable consideration received, the receipt of which is hereby acknowledged, hereby mutually release and forever discharge each other, any insurers of the parties, and the parties' respective agents, parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any known claims, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, controversies, and expenses (including attorneys' fees and costs) at law or in equity *~~arising out of or relating to Plaintiff's employment~~, from the beginning of time until the date of the execution of this Agreement, including all claims alleged in the Litigation; unpaid minimum wage or overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; unpaid minimum wage and overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), all as amended.   * relating to nonpayment of wages

    [handwritten margin note: Edit Approved  DLR — Plaintiff  (by) — Defendants]

    (b)  Provided that this Agreement is approved by the Court, Plaintiff understands and agrees that he may not reinstate the claims that he has brought in the Litigation or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement.

    (c)  Provided that this Agreement is approved by the Court, Defendants release and discharge Plaintiff from all compulsory counterclaims, whether actually asserted or not, related to the Litigation.

    (d)  The Parties agree that, should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or their taxes, interest or penalties.

3

[signature: DLR / (bv)]

### 4. Status of Settlement if Court Does Not Approve this Agreement.

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed. Provided, however, that the parties shall negotiate, in good faith, to make such modifications to this Agreement as are reasonably required by the Court for the Court's approval of this Agreement.

### 5. No Other Entitlement.

Plaintiff affirms that he has been paid and has received all compensation, wages, overtime, bonuses, commissions, benefits and other monies to which he was entitled under the FLSA and NYLL and that no other compensation, wages, overtime, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the FLSA and NYLL, except the payments expressly set forth in this Agreement. Plaintiff is unaware of any other claims against the Defendants arising from his employment.

### 6. No Admission of Wrongdoing.

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claims lacked merit.

### 7. Dismissal of the Litigation.

If the Action has not already been dismissed by the Court upon approval of this Agreement, Plaintiff shall cause to be filed with the Court, within seven (7) days of receipt of payment in accordance with Paragraph 1, a stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A.

### 8. Modification of Agreement.

This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants and approved by the Court.

### 9. Counterparts.

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

4

**10.   Notices.**

*To Plaintiff:*
Marc A. Rapaport, Esq.
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, NY 10119
Email: mrapaport@rapaportlaw.com

*To Defendants:*
N. Ari Weisbrot, Esq.
Law Office of N. Arie Weisbrot LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Email: aweisbrot@weisbrotlaw.com

**11.   Authority.**

Each person signing this Agreement represents and warrants that he is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

**12.   Acknowledgment.**

Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff acknowledges that the foregoing has been translated into Spanish by Karina Gulfo of the Rapaport Law Firm. [Los Demandantes reconocen que lo anterior ha sido traducido al español por Karina Gulfo de el Rapaport Law Firm.]

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: January 30, 2020

By: _____
ZENON DE LA ROSA
Dated:

Dated: February 24, 2020 (approving agreement as edited on page 3):

_____
ZENON DE LA ROSA

5

By: _____
CHESTNUT HOLDINGS OF NEW YORK, INC.

Approving Edits on Page 3: _____

Title: COO
Dated: 1-29-2020

By: _____
1228 LLC
Title: Managing Agent
Dated: 1-29-2020

_____

By: _____
JONATHAN WIENER
Dated: 1-29-2020

_____



By: _____
CHESTNUT HOLDINGS OF NEW YORK, INC.

Title:
Dated:

By: _____
1238 LLC
Title:
Dated:

By: _____
JONATHAN WIENER
Dated:

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ZENON DE LA ROSA,

                                                       Docket No. 19-CV-00286

                          Plaintiff,

   -against-

CHESTNUT HOLDINGS OF NEW YORK INC., 1288
LLC, JONATHAN WIENER, and all related entities.

                          Defendants.
----------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs except as provided for in the Settlement Agreement; and

      **IT IS FURTHER STIPULATED AND AGREED THAT** Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint. This Court shall retain jurisdiction to enforce the Parties' Settlement and Release Agreement.

      **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

| | |
|---|---|
| Weisbrot Law<br>*Attorneys for Defendants* | Rapaport Law Firm, PLLC<br>*Attorneys for Plaintiff* |
| By: N. Ari Weisbrot, Esq.<br>1099 Allessandrini Avenue<br>New Milford, New Jersey 07646<br>(201) 788-6146 | By: Marc Rapaport, Esq.<br>One Penn Plaza, Suite 2430<br>New York, New York<br>(212) 382-1600 |
| Dated: _____, 2020 | Dated _____, 2020 |

1

SO-ORDERED:

_____
Hon. Valerie E. Caproni, U.S.D.J.

Dated: New York, New York

_____, 2020